United States District Court
Northern District of New York

| | |
|---|---|
| RODERICK D. WOODS,<br><br>            Plaintiff<br><br>v.<br><br>VALENTINE AND KEBARTAS, INC.,<br><br>            Defendant. | Civil Action No.<br>1:12-CV-1831(MAD/CFH)<br><br>COMPLAINT<br><br>(JURY TRIAL DEMANDED) |

## I. INTRODUCTION

1. This is an action by an individual to secure declaratory and monetary relief, including attorney's fees, for the Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§1692 *et seq.*, which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices, as well as for the Defendant's violations of the New York State General Business Law.

## II. JURISDICTION AND PROCEDURE

2. This Court has jurisdiction over this matter pursuant to 15 U.S.C. §1692 k (d).

3. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## III. PARTIES

4. Plaintiff is a natural person residing in the Northern District of New York as of the time of the commencement of this action.

5. Plaintiff is a consumer pursuant to the definition set forth in 15 U.S.C. §1692 a (3).

1

6. Upon information and belief and at all times relevant hereto, the principal purpose of Defendant Valentine and Kebartas, Inc. (or "Defendant") is the collection of debts using the mails and telephone.

7. In fact, Defendant regularly attempts to collect debts to be due to another, including consumer debts.

8. Upon information and belief and at all times relevant hereto, Defendant Valentine and Kebartas, Inc.'s, business locations include, but may not necessarily be limited to, its principal operating location, to wit: 15 Union Street, Lawrence, Massachusetts 01840.

## IV. FACTS

9. Beginning on or about December, 2011, Defendant initiated a campaign of harassment against Plaintiff.

10. The Defendant's actions concerned an alleged consumer debt allegedly owed to "Chase."

11. Upon information and belief, said campaign of harassment included, *inter alia*, written correspondence and telephone calls.

12. Defendant, through one of its agents, on or about December 15, 2011 at 2:00 p.m. contacted the Plaintiff and left a voicemail on his cell phone. This voicemail failed to inform the Plaintiff that Defendant was a debt collector and that any information elicited by Defendant would be used for the purpose of debt collection.

13. Defendant, through one of its agents, on or about December 20, 2011 at 12:16 p.m. contacted the Plaintiff and left a voicemail on his cell phone. This voicemail failed to inform the Plaintiff that Defendant was a debt collector and that any information elicited by Defendant would be used for the purpose of debt collection.

14. Defendant, through one of its agents, on or about December 27, 2011 at 8:38 a.m. contacted the Plaintiff and left a voicemail on his cell phone. This voicemail failed to inform

the Plaintiff that Defendant was a debt collector and that any information elicited by Defendant would be used for the purpose of debt collection.

15. Defendant, through one of its agents, on or about January 3, 2012 at 11:45 a.m. contacted the Plaintiff and left a voicemail on his cell phone. This voicemail failed to inform the Plaintiff that Defendant was a debt collector and that any information elicited by Defendant would be used for the purpose of debt collection.

16. The aforesaid collection activities on behalf of Chase were within the scope of 15 U.S.C. §1692 a (6).

17. Instructively, 15 U.S.C. §1692 e (11), in relevant part, makes it a violation of the FDCPA for a debt collector to fail to disclose in either the initial and **subsequent communications** with a consumer that such communications are an attempt to collect a debt and that any information obtained will be used for that purpose:

> "...The following conduct is a violation of this section: (15 U.S.C. §1692 e (11)) – The failure to disclose in the initial written communication with the consumer...that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector."
> See, 15 U.S.C. §1692 e (11).

18. At the same time, 15 U.S.C. §1692 e, in relevant part, makes it a violation of the FDCPA for a debt collector to use any false, deceptive, or misleading representation or means in connection with the collection of any debt." (See, 15 U.S.C. 1692 e).

19. Further, 15 U.S.C. §1692 e (10) makes the use of "any false representation or deceptive means to collect or attempt to collect any debt..." an FDCPA violation. (See, 15 U.S.C. 1692 e (10)).

20. As a proximate consequence of Defendant's egregious conduct, coupled with the acts described above, Plaintiff lost wages from employment, lost sleep, suffered headaches, nausea, embarrassment, and weight loss.

<u>V. Claims For Relief</u>

3

I.  **Defendant's Failure to Comply with and Violation of 15 U.S.C. § 1692 e 11**

21.  Paragraphs 1-20 are re-alleged, as if fully re-stated.

22.  15 U.S.C. §1692 e (11), in relevant part, makes it a violation of the FDCPA for a debt collector to fail to disclose in either the initial and **subsequent communications** with a consumer that such communications are an attempt to collect a debt and that any information obtained will be used for that purpose:

> "...The following conduct is a violation of this section: (15 U.S.C. §1692 e (11)) – The failure to disclose in the initial written communication with the consumer...that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector."
> See, 15 U.S.C. §1692 e (11).

23.  Defendant, through one of its agents, on or about December 15, 2011 at 2:00 p.m. contacted the Plaintiff and left a voicemail on his cell phone. This voicemail failed to inform the Plaintiff that Defendant was a debt collector and that any information elicited by Defendant would be used for the purpose of debt collection.

24.  Defendant, through one of its agents, on or about December 20, 2011 at 12:16 p.m. contacted the Plaintiff and left a voicemail on his cell phone. This voicemail failed to inform the Plaintiff that Defendant was a debt collector and that any information elicited by Defendant would be used for the purpose of debt collection.

25.  Defendant, through one of its agents, on or about December 27, 2011 at 8:38 a.m. contacted the Plaintiff and left a voicemail on his cell phone. This voicemail failed to inform the Plaintiff that Defendant was a debt collector and that any information elicited by Defendant would be used for the purpose of debt collection.

26.  Defendant, through one of its agents, on or about January 3, 2012 at 11:45 a.m. contacted the Plaintiff and left a voicemail on his cell phone. This voicemail failed to inform the

Plaintiff that Defendant was a debt collector and that any information elicited by Defendant would be used for the purpose of debt collection.

27. Defendant's failure to comply 15 U.S.C. § 1692 e (11), contravened 15 U.S.C. §1692 e (11), and thereby constituted a violation of the FDCPA.

28. As a result of the above violation(s) of the FDCPA, the Defendant is liable to the Plaintiff for a declaratory judgment that the Defendant's conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## II.   Defendant's Violation of 15 U.S.C. §1692 e (10)

29. Paragraphs 1-20 are re-alleged, as if fully re-stated.

30. At the same time, 15 U.S.C. §1692 e (10) makes the use of "any false representation or deceptive means to collect or attempt to collect any debt..." an FDCPA violation. (See, 15 U.S.C. 1692 e (2) (A), (10)).

31. Defendant, through the failure of its agents to effectively convey that it was a debt collector attempting to collect a debt, engaged in deceptive means, which by design or default, would confuse the least sophisticated consumer.

32. As a result of the above violation(s) of the FDCPA, the Defendant is liable to the Plaintiff for a declaratory judgment that the Defendant's conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## III.   Defendant's Violation of §349 of the New York General Business Law

33. Paragraphs 1-20 are re-alleged as if fully re-stated.

34. Defendant's actions were deceptive in failing to identify themselves as debt collectors, constituting deception in the conduct of any business, trade, or commerce.

35. As such, Plaintiff is entitled to damages pursuant to the New York General Business Law.

WHEREFORE, the Plaintiff respectfully prays for the following relief:

1. A Declaratory judgment that Defendant's conduct violated the FDCPA.

2. All costs and disbursements of this action, pursuant to 15 U.S.C. §1692 k (a) (3).

3. Statutory damages pursuant to 15 U.S.C. §1692 k (a) (2) (A).

4. Actual damages pursuant to 15 U.S.C. §1692 k (a) (1).

5. An award of reasonable attorney's fees pursuant to 15 U.S.C. §1692 k (a) (3).

6. An award of punitive damages.

7. Damages pursuant to §349(a) of the NY Gen. Bus. Law.

Respectfully Submitted,

/s/

Attorney for Plaintiff

The Woods Law Firm, LLC
Attorneys and Counselors at Law
1224 Mill Street
Building B, Suite 212
East Berlin, Connecticut 06023
Northern District Bar Roll No. 515559
Tel.   (860) 828-2054
Fax.   (860) 828-2004
E-Mail. rwoods@rdw-law.com

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Attorney for Plaintiff

The Woods Law Firm, LLC
Attorneys and Counselors at Law
1224 Mill Street
Building B, Suite 212
East Berlin, Connecticut 06023
Northern District Bar Roll No. 515559
Tel.   (860) 828-2054
Fax.   (860) 828-2004
E-Mail. rwoods@rdw-law.com